**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH E. CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-677-JHP-SAJ |
| ) | |
| BANK OF OKLAHOMA, N.A., a ) | |
| National Banking Association and subsidiary ) | |
| of BOK FINANCIAL CORPORATION, an ) | |
| Oklahoma Corporation, ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

Now before the Court are the defendant's Motions to Dismiss (Dkt.#s 7 and 14), Plaintiff's Responses and Defendant's Replies. On November 7, 2007, Plaintiff filed his original Complaint against BOK Financial Corporation ("BOKF"). BOKF received service of the Complaint through its service agent, on November 28, 2007. On December 19, 2007, BOKF filed a motion to dismiss (Dkt.# 7), claiming BOKF is not a proper party because it was not the employer of Plaintiff, and that BOK was. BOKF conceded that it is the parent corporation of BOK. Thereafter, Plaintiff filed his First Amended Complaint on January 4, 2008, changing the named defendant in this case to BOK. On January 18, 2008, BOK filed the instant motion to dismiss (Dkt.# 14), claiming Plaintiff's claims are time barred.

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1964-65 (2007).* BOK alleges that Plaintiff should not have been

allowed to amend the original Complaint and that Plaintiff's claims are time barred because Fed.R.Civ.P. 15 does not allow for the "relation back" of Plaintiff's First Amended Complaint to the initial filing date of Plaintiff's original Complaint.

In this case, the EEOC issued its Notice of Right to Sue on September 5, 2007. Within the ninety days afforded pursuant to the "right to sue" notice, on November 27, 2007, Plaintiff filed the instant lawsuit naming BOKF as the defendant. Plaintiff filed his First Amended Complaint on January 4, 2008, changing the named defendant in this case to BOK. Leave to Amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has emphasized that "this mandate is to be heeded.." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant contends Plaintiff should not have been allowed to amend the original Complaint.

Leave to amend, however, is a matter committed to the court's sound discretion and is not to be denied without the court giving some reason or cause on the record. *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Leave to amend should be denied only when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." The Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities. *U.S. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994).

Here, Plaintiff changed the named defendant in his First Amended Complaint from the parent corporate entity BOKF to the subsidiary entity BOK. Plaintiff did so upon BOKF's statement in its motion to dismiss that BOK was the employer herein, not BOKF as mistakenly alleged by Plaintiff. The Court finds Plaintiff was entitled to amend the Complaint due to the "close identity of interest" between the parties and the lack of any other factors enumerated in *Fed. Ins. Co. v. Gates Learjet*

*Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Therefore, the critical issue in this case is whether the First Amended Complaint relates back to the filing of the original Complaint to avoid Plaintiff's claims being barred by the applicable statute of limitations.

In a case such as this, Fed.R.Civ.P. 15(c) states that in order for an amended complaint to relate back to the original filing, the claim in the amended complaint: (1) must have arisen out of the same transaction; (2) the defendant named in the original complaint must have received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the defendant knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed.R.Civ.P. 15(c).

BOK does not dispute the claim in the First Amended Complaint arose out of the same transaction that formed the basis of the claims in the original Complaint. Further, it is clear from the pleadings that BOK received notice of this action as early as the initiation of the EEOC administrative process. As such, no reasonable argument that BOK will be prejudiced in defending this lawsuit can be made. BOK has known about this case, and has in fact defended since January 2006, using the very counsel it now uses in the instant litigation. Additionally, both BOKF and BOK share the same service agent. There is no evidence in the record to establish that Plaintiff chose to sue the wrong entity in the initial Complaint as part of some tactical or strategic decision in lieu of suing BOK. Therefore, BOK cannot claim it was prejudiced by the Amended Complaint.

Accordingly, the Court denies Defendants' Motions to Dismiss (Dkt.#s 7 and 14).

**IT IS SO ORDERED this    11th   day of April, 2008.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma